UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Civil Action No.:
FREDDY ANDERSON TEJADA-PENA, *on behalf of himself and all others similarly situated,*

                              Plaintiff,   **CLASS AND COLLECTIVE ACTION COMPLAINT**

    -against-

RAFAEL MOVING d/b/a RAMIREZ MOVING   **JURY TRIAL DEMANDED**
EQUIPMENT and RAFAEL RAMIREZ,

                              Defendants.
------------------------------------------------------------------------X

Plaintiff FREDDY ANDERSON TEJADA-PENA, on behalf of himself and all others similarly situated, against RAFAEL MOVING d/b/a RAMIREZ MOVING EQUIPMENT and RAFAEL RAMIREZ, (collectively, "Defendants"), by and through his attorneys, Bell Law Group, LLC, respectfully alleges as follows:

**NATURE OF CASE**

1. Plaintiff brings this action for Defendants' systemic and continuous violations of: i) overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 *et seq.*; ii) the minimum wage and overtime provisions of the New York Labor Law ("NYLL") and N.Y. Comp. Codes R. & Regs. ("NYCCRR") Tit. 12, § 142-2.2; iii) the requirement that employers furnish employees with a written statement at the time of hiring, containing specific categories of information under the NYLL § 195(1), codified as the New York Wage Theft Prevention Act (the "NYWTPA"); iv) the requirement that employers furnish employees with wage statements on each payday containing specific categories of accurate information under the NYLL § 195(3); (v) disability discrimination in violation of the New York State Human Rights Law ("NYSHRL") N.Y. Exec. Law §§ 292(21), 296(1); (vi) disability discrimination in violation of the New York

1

City Human Rights Law ("NYCHRL"), NYC Administrative Code 8-107 *et. seq.*; and vii) any other cause(s) of action that can be inferred from the facts set forth herein.

## PRELIMINARY STATEMENT

2.      Defendants RAFAEL MOVING a/k/a RAMIREZ MOVING EQUIPMENT ("Ramirez Moving") and RAFAEL RAMIREZ ("Ramirez") operate a moving company providing local moving and relocation services in New York City seven days per week. Although Defendants annually generate thousands of dollars in gross revenue, they refuse to honor their legal obligation to comply with federal and state other wage laws, systematically depriving employees with wages that they are entitled to as a matter of law. Specifically, Defendants created and implemented multiple unlawful wage policies, as set forth in more detail below.

3.      Notably, Defendants have an unlawful policy of refusing to pay employees proper overtime wages or correctly reporting their hours worked. Specifically, Defendants paid Plaintiff a flat day rate for each day worked per week, regardless of how many hours he actually worked, and therefore, violated the minimum and overtime wage requirements of the New York Labor Law ("NYLL") and the Federal Fair Labor Standards Act ("FLSA").

4.      Accordingly, Plaintiff now brings this action on behalf of himself, and all similarly situated employees, pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., and specifically the collective action provision of the FLSA, 29 U.S.C. § 216(b), to remedy Defendants' violations of the wage and hour provisions of the FLSA, as such violations have deprived Plaintiff and others similarly situated of their lawfully-earned wages.

5.      Plaintiff also brings this action on behalf of himself and a class of similarly situated current and former employees of the Defendants, pursuant to Fed. R. Civ. P. 23, for violations of New York Labor Law ("NYLL") § 195 and 12 N.Y. Comp. Codes R. & Regs. ("NYCRR") §

2

146-2.2 and 2.3.

6. Finally, Plaintiff brings this action on behalf of himself pursuant to the NYSHRL, N.Y. Exec. Law §§ 292(21), 296(1); and NYCHRL, NYC Administrative Code 8-107 *et. seq.* as a result of Defendants' discriminatory actions against him based on his disability, following a workplace injury on September 7, 2023.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*

8. This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9. This Court further has supplemental jurisdiction over the New York City law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## DEMAND FOR JURY TRIAL

11. A jury trial is requested on all claims alleged herein.

## THE PARTIES

12. Plaintiff FREDDY TEJADA was and still is a resident of the County of New York, State of New York.

3

13. At all times relevant herein, Plaintiff was an "employee" of Defendants within the meaning of the FLSA, NYSHRL, NYCHRL, NYLL and the NYWTPA.

14. Plaintiff is a covered employee within the meaning of the FLSA, 29 U.S.C. § 201, et seq. and NYLL, N.Y. Lab. Law § 160 et seq., as well as the NYSHRL and NYCHRL.

*The Corporate Defendant*

15. Defendant RAMIREZ is an owner of RAFAEL MOVING.

16. Defendant RAMIREZ is an owner of RAMIREZ MOVING EQUIPMENT.

17. Upon information and belief, RAFAEL MOVING and RAMIREZ MOVING EQUIPMENT are a single joint entity, or functioning as subsidiaries, partners, shells, and alter egos of each other. Hereinafter, the two entities will be referred to as RAFAEL MOVING d/b/a RAMIREZ MOVING EQUIPMENT (collectively, "Ramirez Moving").

18. Upon information and belief, Defendant Ramirez Moving, was and still is a domestic corporation organized and existing under and by virtue of the laws of New York with an address located at 1560 Silver Street, Bronx, New York 10032.

19. Defendant Ramirez Moving is an "employer" of Plaintiff within the meaning of the FLSA, 29 USC § 203(d), and NYLL § 190(3).

*Defendant Rafael Ramirez*

20. Defendant Ramirez is an individual who, upon information and belief is a citizen of the State of New York and resides in the County of Bronx and owner of Ramirez Moving.

21. At all relevant times, Defendant Ramirez controlled the operations and determined the policies and practices of Ramirez Moving including, but not limited to, hiring, firing, and paying compensation to the employees, including Plaintiff herein.

22. Defendants Rafael Ramirez and Ramirez Moving are referred to collectively,

hereinafter as "Defendants." At all times relevant to this action, Defendants were and are engaged in interstate commerce, as defined by the FLSA, and all Defendants' qualifying annual business exceeds $500,000.00, the combination of which subjects Defendants to the FLSA's overtime requirements.

23. At all times hereinafter mentioned, Defendants exercised control over the terms and conditions of Plaintiff's employment, in that the Defendants had the power to: (i) hire and fire employees; (ii) determine rates and methods of pay; (iii) determine work schedules; (iv) supervise work and control of the employees, including the Plaintiffs herein; and (v) otherwise affect the quality of the employees' work conditions and employment.

24. Defendants were an "employer" of Plaintiff within the meaning of the FLSA, 29 USC § 203(d), and NYLL § 190(3).

## **FLSA COLLECTIVE ALLEGATIONS**

25. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf, as well as those in the following class:

> Current and former employees of Defendants, during the relevant statutory period, who were denied overtime compensation at the statutory rate of one-and-one-half times their regular hourly rate which is legally due to them, for the time worked in excess of forty (40) hours per week ("FLSA Plaintiffs").

26. At all relevant times, Mr. Tejada and the members of the FLSA Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, plan and common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay them one-and-one half times their hourly rate of pay, for work in excess of forty (40) hours per workweek. The claims of Plaintiff herein are essentially the same as those of the other FLSA

Plaintiffs.

27. This case is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.

28. Plaintiff's entitlement to overtime pay would be similar to that of the other FLSA Class members, and their claim would depend on identical factual and legal questions, including but not limited to:

   a. Whether Plaintiff was denied overtime wages at the mandatory statutory rate for all hours over 40 in a workweek;

   b. Whether Defendants' violations were willful; and

   c. Whether Defendants should be required to pay compensatory damages, attorneys' fees, costs, and interest for violating the FLSA.

## **NYLL CLASS ALLEGATIONS**

29. Plaintiff brings the action pursuant to Federal Rule of Civil Procedure 23(b)(3) and (c)(4) on behalf of a putative class defined to include:

Current and former employees of Defendants who performed work for Defendants during the statutory period, and who were:

   a. denied overtime wages at the mandatory statutory rate for all hours over 40 in a work week;

   b. denied regular wages for all hours under 40 in a work week;

   c. denied accurate and/or complete pay wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); and/or

   d. denied accurate and/or complete wage notices upon hiring, and annually thereafter, containing the information required by N.Y. Lab. Law § 195(1) (hereinafter, "New York Class").

30. *Numerosity:* The members of the New York Class are so numerous that joinder of all members in the case would be impracticable. Plaintiff reasonably estimates there are at least 40 Class Members who reside and work in New York. The precise number of Class Members should be readily available from a review of Defendants' personnel and payroll records.

31. *Commonality/Predominance:* There is a well-defined community of interest among the Rule 23 Class Members and common questions of *both* law and fact predominate in the action over any questions affecting individual members. These common legal and factual questions include, but are not limited to, the following:

   a. Whether New York Class were denied overtime wages at the mandatory statutory rate for all hours over 40 in a work week;

   b. Whether New York Class were denied regular wages for all hours under 40 in a work week;

   c. whether Defendants violated the NYWTPA by failing to provide Plaintiff and Class Members with sufficiently detailed wage statements with each payment, as required by NYLL § 195(3);

   d. whether Defendants violated the NYWTPA by failing to provide Plaintiff and Class Members with a written statement upon hiring, required by NYLL § 195(1);

   e. whether Plaintiff and New York Class are entitled to damages, and if so, the method by which such damages should be calculated; and

   f. whether Defendants are liable for the attorneys' fees and costs of the members of the Class.

32. *Typicality:* Plaintiff's claims are typical of those of New York Class in that the Plaintiff and all other members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices. Plaintiff's claims arise from the same policies, practices, and course of conduct as all other Rule 23 Class Members' claims and Plaintiff's legal theories are based on the same legal theories as all other Rule 23 Class Members,

as detailed above.

33.  *Adequacy:* Plaintiff will fully and adequately protect the interests of the Rule 23 York Class.  Furthermore, Class Counsel, Bell Law Group, PLLC are highly qualified to litigate Plaintiff's and the class's claims.

34.  *Superiority:* A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, inter alia, it is economically unfeasible for the Rule 23 Class Members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual, along with the fear of reprisal by their employer. Notably:

   a. This case involves corporate Defendants, that have vast resources, and many individual proposed Class members who have limited resources and who have relatively small claims with common questions of law and fact;

   b. If each individual was required to file a separate lawsuit, Defendants, with their vast resources, would be able to exploit and overwhelm the limited resources of the proposed Class members;

   c. Requiring each individual to file a separate lawsuit will discourage members of the potential Class still employed by Defendants from asserting lawful claims because of an appreciable fear that Defendants will retaliate against them;

   d. Prosecuting separate lawsuits by each member of the proposed Class will create a substantial risk of inconsistent or varying verdicts; will establish potentially incompatible standards of conduct for Defendants; will result in legal determinations as to each individual that are dispositive of the interest of the other proposed Class members who are not parties to the adjudications; and will impair

    or impede the ability of the proposed Class members to protect their own interests;

  e. The individual claims are not large enough to warrant the costs and expenses that will be incurred in individual prosecution making it difficult, if not impossible, for the individuals to redress the wrongs done to them; and

  f. The cost to the legal system for individual adjudication will be substantial making the class action superior.

35. The case will be manageable as a class action because the Defendants should have payroll systems that will allow the wage-and-hour damages issues in the case to be resolved with relative ease. Because the elements of Rule 23(b)(3), or in the alternative (c)(4), are satisfied in the case, class certification is appropriate.

36. The Defendants have acted on grounds generally applicable to the New York Class, thereby making relief, including declaratory and/or injunctive relief, appropriate for the Class.

## FACTUAL ALLEGATIONS

**Plaintiff's Wage Claims**

37. Plaintiff began working with Defendants in or around 2005 until Defendants unlawfully terminated him in or about September 2023.

38. Plaintiff's responsibilities included arriving to the Bronx warehouse in the morning, loading trucks with refrigerators and other equipment, assisting drivers with making deliveries in and around New York City, and then returning to the warehouse at the end of the day.

39. Plaintiff was at all times compensated at a flat daily rate and not an hourly rate, and he was paid the daily rate irrespective of how many hours he *actually* worked.

40. In 2005, at the time of his hire, Plaintiff was compensated at a daily rate of $75.00

9

per day, for each day he worked from Monday through Saturday. In 2020, Plaintiff received a raise and was compensated at a rate of $150.00 per day for each day he worked from Monday through Saturday.

41. Occasionally, approximately once a month, Plaintiff was also asked to work on Sundays, which was compensated at a flat daily rate of $100.00 per day.

42. Apart from Sundays, Plaintiff routinely worked at least sixty-nine (69) hours per week as Plaintiff regularly worked the following hours: Monday through Saturday, from 8:00 a.m. to 8:00 p.m. with a 30-minute lunch break each day, for a total of sixty-nine (69) hours per week.

43. Thus, Defendants were denying Plaintiff regular wages and overtime wages for all hours over forty (40) in a work week.

44. Although Plaintiff routinely worked more than ten (10) hours per day, he was never paid an additional hour's pay at the basic New York minimum hourly wage rate for that day, as required by New York law.

45. Plaintiff was denied sick and holiday leave, despite requesting same.

46. At all relevant times, Plaintiff was entitled to wage statements under New York Labor Law § 195(3), indicating the regular and overtime rate of pay, the basis of the rate of pay, the dates covered by the payment, the name, address and phone number of the employer, and itemized allowances and deductions. However, Plaintiff never received an accurate wage statement since he was paid in cash.

47. Defendants' failure to provide Plaintiff with wage statements effectively concealed from Plaintiff, or interfered with Plaintiff's ability to identify and assess the wage violations that were, and remain, ongoing. Plaintiff's resulting lack of information complicated,

or impeded, Plaintiff's efforts to remedy those violations. Because of the resulting underpayment of wages, Plaintiff was deprived of the opportunity to spend his wages on necessary expenses, including household expenses, food, housing, utilities, and other items; to save his wages in interest bearing accounts; or to otherwise invest his wages in other ways that could generate additional earnings.

48. Likewise, Plaintiff was entitled to a Wage Theft Prevention Act notice at the start of his employment and when his compensation changed. However, Plaintiff never received the required notices.

49. Defendants' failure to provide Plaintiff with wage notices effectively concealed from Plaintiff, or interfered with Plaintiff's ability to identify and assess the wage violations that were, and remain, ongoing. Plaintiff's resulting lack of information complicated, or impeded, Plaintiff's efforts to remedy those violations. Because of the resulting underpayment of wages, Plaintiff was deprived of the opportunity to spend his wages on necessary expenses, including household expenses, food, housing, utilities, and other items; to save his wages in interest bearing accounts; or to otherwise invest his wages in other ways that could generate additional earnings.

**Plaintiff's Request for an Accommodation and Unlawful Termination**

50. Plaintiff was unlawfully terminated after he suffered a workplace injury on or about September 7, 2023.

51. On September 7, 2023, Plaintiff fell inside a commercial building while assisting a driver with making a delivery for Defendants.

52. Plaintiff suffered several injuries to his legs and wrist, including dislocating his wrist.

53. Following his injury, Plaintiff went to New York Presbyterian Hospital, where he

was treated for his injuries and ordered to remain out of work until September 11, 2023.

54. Plaintiff contacted Defendants to advise them of his medical condition and request a reasonable accommodation for his injuries, namely, that he be permitted to take sick leave until September 11, 2023.

55. Defendants responded that they would not call him to work anymore.

56. Thus, at that time, Defendants unlawfully terminated Plaintiff because of his disability and request for a reasonable accommodation.

## FIRST CAUSE OF ACTION
### (Unpaid Overtime under the FLSA, 29 U.S.C. § 207)

57. Plaintiff, the FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58. Defendants violated the rights of Plaintiff and Class Members, by failing to pay overtime compensation at a rate not less than one-and-one-half times their regular rate of pay for each hour worked in excess of 40 per week, in violation of the FLSA, 29 U.S.C. § 207(a)(l).

59. Defendants' failure to pay Plaintiff and Class Members overtime compensation was willful within the meaning of the FLSA, 29 U.S.C. § 255.

60. Therefore, the Defendants are liable to Plaintiff and Class Members for their unpaid overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (Unpaid Overtime Wages under the NYLL)

61. Plaintiff, the FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege

each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62. Defendants violated the rights of Plaintiff and Class Members, by failing to pay overtime compensation at a rate not less than one-and-one-half times their regular rate of pay for each hour worked in excess of 40 per week, in violation of the NYLL.

63. Defendants' failure to pay Plaintiff and Class Members overtime compensation was willful within the meaning of the NYLL.

64. Therefore, the Defendants are liable to Plaintiff and Class Members for their unpaid overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief.

## THIRD CAUSE OF ACTION
### (Unpaid Regular Wages under NYLL)

65. Plaintiff, the FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66. As outlined above, Plaintiff was paid a flat daily rate for each day worked, regardless of how many hours they worked per week.

67. Defendants were aware or should have been aware that the practices described in this complaint were unlawful, and Defendants have not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff and New York Class.

68. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered economic damages in the form of unpaid regular wages in an amount to be determined at trial and are entitled to recover the value of those unpaid regular wages plus an equivalent amount of

liquidated damages pursuant to the Labor Law, as well as reasonable attorneys' fees and costs, and interest, pursuant to NYLL.

## FOURTH CAUSE OF ACTION
### (New York Spread of Hours Violations, NYLL §§ 650 *et seq.*)

69. Plaintiff, the FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70. Plaintiff and the Class members regularly worked days where the spread of hours exceeded ten (10).

71. Defendants willfully and intentionally failed to compensate Plaintiff and Class members one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

72. As a result of Defendants' willful and intentional unlawful conduct, Plaintiff and the proposed Class members are entitled to damages in an amount to be determined at trial, liquidated damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, all other damages available under New York law, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION
### (Failure to Provide Notices Upon Hiring in Violation of the NYLL § 195(1))

73. Plaintiff, the FLSA Plaintiffs, and the New York Class, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

74. Pursuant to NYLL § 195(1)(a), every employer is required to provide each employee with a notice, upon hiring, setting forth, among other things, "the rate or rates of pay

and basis thereof."

75. Defendants knowingly failed to comply with this provision by failing to provide Plaintiff and Class Members with any kind of notice upon hiring, let alone a notice meeting the requirements of NYLL § 195(1)(a).

76. Based on the foregoing, Defendants are liable to Plaintiff and Class Members in the amount of $5,000.00 per employee, plus reasonable attorney's fees and costs, and any other relief appropriate pursuant to NYLL § 198.

### SIXTH CAUSE OF ACTION
**(Failure to Provide Wage Statements in Violation of the NYLL § 195(3))**

77. Plaintiff, the FLSA Plaintiffs, and the New York Class, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

78. Pursuant to NYLL § 195(3), every employer is required to:

> furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

79. Defendants knowingly violated this provision by failing to provide Plaintiff and Class Members with wage statements meeting the requirements set forth above.

80. NYLL § 198(1)(d) provides that any employee not provided appropriate wage statements may collect damages of $250.00 for each work day that the violation occurred or continued to occur, up to a total of $5,000.00 per employee, together with costs and reasonable attorneys' fees, as well as appropriate injunctive and/or declaratory relief.

81. During the course of Plaintiff's and Class Members' employment, Defendants

consistently and willfully failed to provide them with adequate wage statements as required by New York law.

82. To the extent any paystubs were given to Plaintiff, they were inaccurate and misleading, since Defendants regularly and consistently underpaid their employees and provided inaccurate wage statements.

83. Defendants are therefore liable to Plaintiff and Class Members in the amount of $5,000.00 per employee, plus reasonable attorney's fees and costs, and any other relief appropriate pursuant to NYLL § 198.

## SEVENTH CAUSE OF ACTION
### (Violation of New York's Paid Sick Leave Act, NY Labor § 196-b)

84. Plaintiff, the FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

85. Pursuant to New York's Paid Sick Leave Act, NY Labor § 196-b, employers with 5 to 99 employees must provide up to 40 hours of paid sick leave per calendar year.

86. Plaintiff was not given the mandatory leave in compliance with the statute.

87. Therefore, the Defendants are liable to Plaintiff and Class Members in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
### (Disability Discrimination Failure to Accommodate and Unlawful Termination in Violation of New York State Human Rights Law)

88. Plaintiff, the FLSA Plaintiffs, and the New York Class hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

89. Defendants have discriminated against Plaintiff on the basis of his disability in violation of the New York State Human Rights Law by denying him equal terms and conditions of employment, including, but not limited to, refusing to provide a reasonable accommodation, failing to engage in the interactive process, and unlawfully terminating his employment because of his disability and/or because Defendants regarded him as disabled.

90. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic harm, for which he is entitled to an award of monetary damages and other relief.

91. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic harm, as well as mental anguish and emotional distress for which he is entitled to an award of monetary damages and other relief.

## NINTH CAUSE OF ACTION

**(Disability Discrimination, Failure to Accommodate and Unlawful Termination in Violation of New York City Human Rights Law)**

92. Plaintiff, the FLSA Plaintiffs, and the New York Class hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

93. Defendants have discriminated against Plaintiff on the basis of his disability in violation of the New York City Human Rights Law by denying him equal terms and conditions of employment, including, but not limited to, refusing to provide a reasonable accommodation,

failing to engage in the interactive process, and unlawfully terminating his employment because of his disability and/or because Defendants regarded him as disabled.

94. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic harm, for which he is entitled to an award of monetary damages and other relief.

95. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic harm, as well as mental anguish and emotional distress for which he is entitled to an award of monetary damages and other relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, individually and on behalf of all others similarly situated, prays for the following relief:

a. Certifying the New York Class in accordance with Fed. R. Civ. P. 23(b)(3) or (c)(4) with respect to the claims set forth above;

b. Designating Plaintiff as Class Representatives;

c. Designating Bell Law Group, PLLC as Class Counsel;

d. Granting judgment in favor of Plaintiff and the Class, and against the Defendants, and awarding the amount of unpaid overtime wages calculated at the rate of one-and-one-half (1.5) times Plaintiff's regular rate, multiplied by all hours that Plaintiff worked in excess of the prescribed number of hours per week;

e. Awarding liquidated damages to Plaintiff and the Class, in an amount equal to the amount of unpaid overtime wages found owing to Plaintiff and the Class Members;

f. Awarding all other available compensatory damages to Plaintiff and the Class, including, <u>inter alia</u>, all unpaid wages, lost interest owed, and liquidated and double damages by Defendants under the FLSA, NYLL, and NYWPTA;

g. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action;

h. Awarding pre-judgment and post-judgment interest to Plaintiff on these damages; and

i. Awarding such further relief as this court deems just and proper.

Dated: Syosset, New York
August 22, 2024

Respectfully submitted,

BELL LAW GROUP, PLLC

Chaya M. Gourarie, Esq. (cg@belllg.com)
Jennifer Calamia, Esq. (jcalamia@belllg.com)
116 Jackson Avenue
Syosset, New York 11791
(516) 280-3008

*Attorneys for Plaintiff and Putative Class*